# VLADECK, RASKIN & CLARK, P.C.

SUSAN J. WALSH
212.403.7348
swalsh@VLADECK.COM

**BY ECF and E-MAIL**

December 12, 2017

Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *United States v. Oliver Sohngen,* **17 Cr. 500 (LAK)**

Dear Judge Kaplan:

I respectfully submit this letter on behalf of the defendant in this case, Oliver Sohngen, in advance of his December 19, 2017 sentencing hearing, to correct an error contained in defendant's previously submitted memorandum dated December 5, 2017.

Specifically, the Government is correct that for a felony *sex* offense conviction (as opposed to a *non-sex* felony offense) under New York Penal Law the sentence must be *determinate*, N.Y. Penal Law § 70.80(3), not *indeterminate* as misstated in the defense's initial brief. Thus, as the Government correctly points out such a sentence could not have included parole and indeed, must include a period of post-release supervision. See; Gov't Memo. at p. 7 n.3 *citing* N.Y. Penal Law §§ N.Y. 70.80(3); 70.80(9); Def. Memo. at p. 18.

Accordingly, for a class E felony *sex* offense such as Rape in the Third Degree, (which criminalizes sexual intercourse by anyone over 21 with anyone under 17, N.Y. Penal Law § 130.25), the term must be at least 1 ½ years jail and must not exceed 4 years jail. See N.Y. Penal Law § 70.80 (4)(a)(iv). This sentence carries with it a period of Post Release Supervision not less than three years nor more than ten years. See N.Y. Penal Law § 70.45 (2-a)(a); see also, N.Y. Penal Law § 70.80 (9).

I respectfully write promptly to correct the misstatement of the law in my original brief.

Respectfully submitted,

Susan J. Walsh

cc:  Frank J. Balsamello, AUSA
     Michael Krouse, AUSA
     Meagan Powers, Special Assistant United States Attorney

565 Fifth Avenue, 9th Floor, New York, New York 10017 ▪ (p) 212-403-7300 ▪ (f) 212-221-3172