UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,

      -against-           17-cr-0500 (LAK)

OLIVER SOHNGEN,

         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

   Petitioner Oliver Sohngen pleaded guilty on August 10, 2017 to two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591.[1] On December 19, 2017, he was sentenced principally to a term of imprisonment of 135 months.[2] Now before the Court is petitioner's *pro se* Section 3582(c)(1)(A) motion, commonly referred to as a motion for compassionate release.[3] The government opposes the motion.[4] For the reasons explained below, the motion is denied.

   A court may grant compassionate release only if three conditions are satisfied: (1) the inmate has exhausted administrative remedies "by requesting such relief from prison authorities;" (2) the inmate demonstrates that the reasons justifying his release are "extraordinary and compelling;" and (3) the court

---

[1]  Dkt 12.

[2]  Dkt 21.

[3]  Dkt 25.

[4]  Dkt 27.

2

determines that release is appropriate under the Section 3553(a) sentencing factors.[5]

Petitioner contends that his conduct while incarcerated and his family circumstance warrant his release. First, although the productive use to which petitioner has put his time while in prison is commendable, "rehabilitation alone does not give rise to an extraordinary or compelling reason for relief."[6] Second, although petitioner's desire to spend time with and care for his elderly father is eminently understandable, it too does not justify his release. This is so because petitioner has not demonstrated that he is "the only available caregiver" for his father, as is required by the Sentencing Commission's applicable policy statement.[7] Indeed, he states that his father is being cared for by nursing home staff in Germany.[8]

The Section § 3553(a) sentencing factors also preclude petitioner's requested relief. The seriousness of the offense figures most prominently in the Court's consideration. Petitioner sexually abused underage girls who were prostituted by others for profit. The approximately 86 months that he has served to date are insufficient to serve the purposes of sentencing.

Petitioner's motion (Dkt 25) is denied.

SO ORDERED.

Dated:        July 22, 2024

_____
Lewis A. Kaplan
United States District Judge

---

[5]    *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam).

[6]    *United States v. Camisa*, No. 16-cr-522, 2021 WL 517739, at *2 (S.D.N.Y. Feb. 10, 2021) (Sullivan, J.); *see United States v. Nguyen*, No. 03-cr-734 (JPC), 2023 WL 8368855, at *6 (S.D.N.Y. Dec. 4, 2023) (defendant's rehabilitation and desire to care for father did not constitute extraordinary and compelling circumstances justifying release).

[7]    U.S.S.G. § 1B1.13(b)(1)(3)(C).

[8]    Dkt 25.